**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 07 2024

TAMMY H. DOWNS, CLERK

By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**CATHERINE GARRISON**

**PLAINTIFF**

v.                   Case No. 2:24-CV- *20 - JM*

**DUMAS PUBLIC SCHOOL DISTRICT**                   **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Catherine Garrison, by and through her attorney Chris Burks of WH LAW,

for her Original Complaint against Dumas Public School District, she does hereby state and allege

as follows:

### I. PRELIMINARY STATEMENTS

1.      This is an employment discrimination case brought by Plaintiff Catherine Garrison

under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2615, for declaratory

judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including

reasonable attorneys' fees, as a result of Defendant's interference with Plaintiff's federal

employment rights, by interfering with her FMLA leave and requiring her to perform work while

on leave.

2.      Upon information and belief, Defendant has willfully and intentionally committed

violations of FMLA, as described, *infra*.

### II. JURISDICTION AND VENUE

3.      The United States District Court for the Eastern District of Arkansas has subject

matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises

federal questions under the FMLA.

This case assigned to District Judge *Moody*
and to Magistrate Judge *Kearney*

4.    The acts complained of herein were committed and had their principal effect within the Delta Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

5.    Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

6.    The witnesses to the FMLA violations alleged in this Complaint reside in this District.

### III. THE PARTIES

7.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

8.    Plaintiff is a resident and citizen of Lincoln County, Arkansas.

9.    Plaintiff Catherine Garrison was employed by Dumas Public School District as a teacher at Dumas High School.

10.    Plaintiff worked in excess of 1,250 hours during the years 2021 and 2022.

11.    At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under FMLA.

12.    Defendant Dumas Public School District is a public school district in the State of Arkansas.

13.    Defendant Dumas Public School District can be served to its superintendent, Superintendent Dr. Camille Sterrett at 213 Adams Street, Dumas, AR 71639.

14.     Defendant Dumas Public School District is an "employer" within the meanings set forth in the FMLA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

15.     Defendant employed fifty (50) or more employees for each working day during each of twenty or more calendar workweeks in the year of the wrongful acts.

16.     The employees were located in Dumas, Arkansas, or within seventy-five miles thereof.

## IV.     FACTUAL ALLEGATIONS

17.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

18.     Plaintiff is a teacher at Dumas High School, and employed by Dumas Public School District.

19.     In September 2022, Plaintiff was in a car accident that left her severely injured.

20.     As a result, Plaintiff applied and was granted leave under the Family and Medical Leave Act to recover from her injuries, which included a broken femur and several other broken bones.

21.     Plaintiff's FMLA leave was approved, starting September 16, 2022.

22.     During this period, Plaintiff was contacted by Defendant multiple times with questions about what material should be given to her students and what her plans were for her classrooms.

23.     Defendant pressured Plaintiff to return to work, which Plaintiff did by setting up Google classrooms to allow her students to work online.

24.    For the duration of her FMLA leave, which continued until December 2022, Plaintiff performed her normal job tasks for the Defendant. These included assigning work to students, communicating with students, communicating with parents, grading work her students turned in, and submitting grades to her school.

25.    All of this occurred while Plaintiff was out on FMLA leave, which was widely known in school district due to the severity of Plaintiff's accident.

26.    During this time, Plaintiff communicated with administration at her school, including her principal and vice principal.

27.    During this time, Plaintiff was teaching students whose parents were members of the Dumas School Board.

28.    Dumas High School administration and Dumas School Board members had knowledge that Plaintiff was forced to continue working for the district while out on FMLA leave.

29.    During Plaintiff's FMLA leave and after the period her leave was exhausted, Defendant paid Plaintiff all of her banked sick leave and other forms of leave.

30.    After Plaintiff's banked leave time was exhausted, Defendant began docking Plaintiff's pay, to the point Plaintiff had to pay the district for her health benefits.

31.    As a result of the Defendant requiring Plaintiff to work while out on FMLA leave, Plaintiff suffered additional stress and anxiety while recovering from a serious car accident that required an extended hospital stay and multiple surgeries.

32.    As a result of the Defendant requiring Plaintiff to work while out on FMLA leave, Plaintiff performed compensable tasks for the district for which she was not paid. Plaintiff lost the benefit of her banked leave for weeks of time that she spent actively working for the Defendant.

33.    Plaintiff suffered financial damages as a result of losing her leave time and having her pay deducted while she was, at the same time, performing her normal job duties for the Defendant.

## V.    FIRST CLAIM FOR RELIEF – FMLA Claims

34.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

35.    Plaintiff requested and was approved for FMLA leave to receive treatment for injuries resulting from a serious car accident and to recover from those injuries.

36.    During this leave, Plaintiff was continuously contacted by the Defendant and pressured into returning to work while on leave.

37.    Throughout her 12 weeks of FMLA leave, Plaintiff performed her normal job tasks for the Defendant. These included assigning work to students, communicating with students, communicating with parents, grading work her students turned in, and submitting grades to her school.

38.    Plaintiff was not paid by the district for this work. Instead, while on FMLA leave, the Defendant deducted Plaintiff's backed leave time. After this banked leave time was exhausted, the Defendant began docking Plaintiff's pay, to the point Plaintiff had to pay the district for her benefits.

39.    This continued from late September 2022 until Plaintiff's leave time ended in December 2022.

40.    Defendant's administration and members of the Dumas School Board had knowledge that Plaintiff was forced to perform tasks for the District while on FMLA leave.

41.     As a result of Defendant's violations of FMLA leave, Plaintiff was damaged by being forced to perform work during a period when she was recovering from a severe car accident, which required extended hospitalization and multiple surgeries.

42.     Plaintiff was further damaged by the loss of her banked leave time and by being required to pay the Defendant as a result of her pay being docked, during a period of time that Plaintiff was performing her normal job duties for the Defendant.

43.     As a result of Defendant's violation of 29 U.S.C. § 2615, Plaintiff has suffered damages including, but not limited to, lost wages and salary, benefits, interest, pain and suffering, and attorney's fees and costs.

44.     Pursuant to 29 U.S.C. § 2617(1)(A)(iii), Plaintiff is entitled to and she seeks an additional amount as liquidated damages equal to the sum of her lost wages or salary, benefits, or other compensation denied or lost to her by reason of Defendant's violations of FMLA, plus any interest she is entitled to for these causes, because Defendant's violations were not in good faith and Defendant had no reasonable grounds for believing that its actions were not in violation of §2615 of FMLA.

## VI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Catherine Garrison respectfully prays that Defendant be summoned to appear and to answer herein as follows: for the entry of a declaratory judgment in favor of Plaintiff, decreeing that her federally protected rights have been violated; that this Court enter judgment in her favor and against Defendant Dumas Public School District, for an amount in excess of $75,000.00, plus interest and liquidated damages as that term is defined in 29 U.S.C. § 2617; that this court award damages pursuant to Title VII of the Civil Rights Act of 1964

and the Arkansas Civil Rights Act for all compensatory and punitive damages owed to Plaintiff, along with pre-judgment interest, reasonable attorney's fees, and all costs associated with the action; and other relief as this Court deems appropriate.

Respectfully submitted,

**Catherine Garrison, PLAINTIFF**

wh Law
North Little Rock Office
501.888.4357

By:    Chris Burks (ABN: 2010207)
chris@wh.law

Mailing Address:
1 Riverfront Place, Suite 745
North Little Rock, AR 72114